UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

UNITED STATES OF AMERICA,　　　:
　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　:　　No. 5:17-cr-00341
　　　　　　　　　　　　　　　　:
LARRY HAYWOOD CULBREATH, JR.,　:
　　　　　　　　Defendant.　　　:

---

**O P I N I O N**
**Motion for Reduction of Sentence, ECF No. 111 - Denied**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　**December 14, 2022**
**United States District Judge**

## I.　　INTRODUCTION

Defendant Larry Haywood Culbreath, Jr., who is serving a 240-month sentence for drug

and firearms charges, has filed a motion for compassionate relief pursuant to 18 U.S.C. §

3582(c)(1)(A) based on non-retroactive amendments under the First Step Act of 2018 that lower

the mandatory minimum penalty for his offense and on the threat of COVID-19 variants.  The

Government opposes release.  For the reasons set forth below, the motion is denied.

## II.　　BACKGROUND

On May 5, 2016, a sealed Complaint was filed against Culbreath.  An Information was

thereafter filed on June 28, 2017, charging Culbreath with conspiracy to distribute 500 grams or

more of methamphetamine and with being a felon in possession of a firearm in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 and 18 U.S.C. § 922(g)(1).  Culbreath pled guilty to both

charges pursuant to a plea agreement made under Federal Rule of Criminal Procedure

11(c)(1)(C) wherein the parties agreed to a sentence of 240 months imprisonment, followed by

ten (10) years supervised release.  The Government further agreed to list only one prior drug

felony conviction and Culbreath agreed to waive his right to file an appeal or collateral attack.

On November 1, 2017, this Court accepted the plea agreement and sentenced Culbreath

consistent with the parties' recommendations.

Almost a year later, Culbreath filed an appeal.  The Third Circuit Court of Appeals

dismissed the appeal on June 18, 2019.  Months later, Culbreath filed a Motion to Vacate

Sentence pursuant to 28 U.S.C. § 2255.  That Motion was denied and dismissed on January 7,

2020.  *See* ECF Nos. 108-109.

Now pending is Culbreath's Motion for Sentence Reduction under 18 U.S.C. §

3582(c)(1)(A) (compassionate release).  Mot., ECF No. 111.  Culbreath, who does not allege to

suffer from any medical condition, argues that the COVID-19 variant Omicron poses a risk to his

health and, also, that extraordinary and compelling reasons exist due to changes in the law under

the First Step Act that reduced the mandatory minimum penalty for his offense from twenty (20)

years to fifteen (15) years.  He further suggests that he no longer poses a danger to the

community in light of his rehabilitation efforts.

The Government opposes the Motion, asserting that a nonretroactive change in

sentencing law, which Culbreath cites, does not qualify as an "extraordinary and compelling

reason" allowing consideration for compassionate release.  Resp. 2 (citing *United States v.

Andrews*, 12 F.4th 255 (3d Cir. 2021) (affirming the district court's order denying compassionate

release that was based on reduced mandatory minimums under the First Step Act), *cert. denied*

2022 US LEXIS 1891 (U.S. Apr. 4, 2022)).  The Government further notes that because

Culbreath is forty-three (43) years old and in good health, he has not presented any exceptional

and compelling reason for a reduction.

### III.    LEGAL STANDARD

The First Step Act empowers criminal defendants to request compassionate release with the court after first complying with the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).[1] This section dictates that the defendant must first move for compassionate release with the Bureau of Prisons ("BOP"), which then has thirty days to consider the request.  *See United States v. Raia*, 954 F.3d 594, 595-97 (3d Cir. 2020) (holding that the risks COVID-19 poses in the federal prison system do not excuse the exhaustion requirement).

Once a defendant satisfies the exhaustion requirement, the court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if it finds that "extraordinary and compelling reasons warrant such a reduction;. . . the defendant is not a danger to the safety of any other person or to the community;" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *See* 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. Appx. § 1B1.13.[2]

### IV.    ANALYSIS

Initially, the Court finds that Culbreath has satisfied the exhaustion requirement by first seeking compassionate release with the BOP.

Culbreath has failed to show an "extraordinary and compelling" reason warranting a reduction.  As to his first argument, the alleged threats posed by the Omicron variant and

---

[1]    Section 3582(c) is actually part of the Sentencing Reform Act of 1984 ("SRA"), but was amended by the First Step Act to provide prisoners a more direct route to court for their claims. *See United States v. Torres*, No. 18-414, 2020 WL 3498156, at *6 (E.D. Pa. June 29, 2020).
[2]    The Sentencing Commission has identified the medical condition of a defendant as an extraordinary and compelling reason under certain circumstances.  *See* 18 U.S.C. Appx. § 1B1.13, App. Note 1; *United States v. Pangelinan*, No. 17-483, 2020 U.S. Dist. LEXIS 121710, at *4-5 (E.D. Pa. July 9, 2020) (denying the motion for compassionate release where there was no evidence that the prisoner's medical conditions were not being appropriately managed).

COVID-19 do not justify compassionate release. *See Raia*, 954 F.3d at 597 (holding that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); *United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020) (holding that "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit"); *United States v. Slone*, No. 16-400, 2020 U.S. Dist. LEXIS 113586, at *1-2 (E.D. Pa. June 30, 2020) (holding that the defendant's fear of contracting COVID-19 in the close quarters of a federal prison does not warrant compassionate release).  Second, Culbreath's alleged rehabilitation is not an extraordinary and compelling reason warranting compassionate release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); *United States v. Barndt*, No. 22-2548, 2022 U.S. App. LEXIS 32803, at *4 (3d Cir. Nov. 29, 2022) (holding that "the District Court correctly concluded, and the statute is clear that rehabilitation alone cannot constitute extraordinary and compelling grounds under § 3582").  Third, nonretroactive changes to mandatory minimum sentencing terms "cannot be a basis for compassionate release." *Andrews*, 12 F.4th at 261 (refusing to "construe Congress's nonretroactivity directive as simultaneously creating an extraordinary and compelling reason for early release" because such an interpretation would be conflicting).

Since Culbreath has failed to even allege an extraordinary and compelling reason for compassionate release, "it is not necessary for the Court to advance to the next step of the § 3582(c)(1)(A)(i) inquiry by assessing the application of the § 3553(a) factors and possible danger to the community imposed." *See United States v. Hight*, 488 F. Supp. 3d 184 (E.D. Pa. 2020)

(finding no need to consider the sentencing factors because the inmate failed to present extraordinary and compelling reasons justifying his immediate release).  *Accord Andrews*, 12 F.4th at 262 (explaining that "**If** a prisoner successfully shows extraordinary and compelling circumstances, the current sentencing landscape **may** be a legitimate consideration for courts at the next step of the analysis when they weigh the § 3553(a) factors" (emphasis added)); *United States v. Dorsett*, No. 22-2170, 2022 U.S. App. LEXIS 28041, at *5-6 n.3 (3d Cir. Oct. 7, 2022) (reasoning that the Supreme Court has not abrogated *Andrews* because *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022) held "only 'that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act'" but is irrelevant to the threshold question whether the defendant established an extraordinary and compelling reason for a reduction).[3]

## V.    CONCLUSION

Culbreath, who does not allege to suffer from any medical conditions, has completely failed to provide an extraordinary and compelling reason for his release.  Neither the risk of posed by COVID-19 and the Omicron variant, nor a prisoner's rehabilitation justify a reduction in sentence.  Nonretroactive changes to sentencing law also cannot be a basis for compassionate release.  The Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) is therefore

---

[3]    This Court nevertheless notes that Culbreath was sentenced pursuant to the parties' binding plea agreement of 240 months, which was within the Guidelines range of 240 to 293 months.  Had there been a fifteen-year mandatory minimum at that time, the range would have only been slightly reduced to 235 to 293 months.  Moreover, this range was calculated based on the fact the Government listed only one of the Defendant's prior felony drug convictions.  For the reasons set forth at the time of sentencing and because Culbreath has only served approximately eighty-five (85) months of his 240-month sentence, the section 3553(a) factors do not support a reduction.  *See United States v. Maldonado*, No. 17-138, 2021 U.S. Dist. LEXIS 8112, at *10 (E.D. Pa. Jan. 15, 2021) (determining that where the inmate had served less than half of his sentence, release would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment pursuant to 18 U.S.C. § 3553(a)(2)(A)),

denied.

A separate Order follows.

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge