UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

UNITED STATES OF AMERICA,      :
                                                   :
              v.                                   :      No. 5:17-cr-0341
                                                   :
LARRY HAYWOOD CULBREATH, JR.,   :
              Defendant.                     :

---

**O P I N I O N**
**Defendant's Letter-Motion for Reduction and for Counsel, ECF No. 117 - Denied**

**Joseph F. Leeson, Jr.**                                                      **June 17, 2026**
**United States District Judge**

## I.    INTRODUCTION

Defendant Larry Haywood Culbreath, Jr., who is serving a 240-month sentence for drug and firearms charges, has filed a letter-motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on non-retroactive amendments under the First Step Act of 2018 that lowered the mandatory minimum penalty for his offense. He also seeks appointment of counsel. The Government opposes a reduction. For the reasons set forth below, the letter-motion is denied in its entirety.

## II.    BACKGROUND

On May 5, 2016, a sealed Complaint was filed against Culbreath. An Information was thereafter filed on June 29, 2017, charging Culbreath with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On July 7, 2017, the Government filed an Information under 21 U.S.C. § 851 charging prior offense. *See* ECF Nos. 80, 83. The following week, Culbreath waived his right to be charged by indictment and

pled guilty to both charges pursuant to a plea agreement made under Federal Rule of Criminal Procedure 11(c)(1)(C) wherein the parties agreed to a sentence of 240 months imprisonment, followed by ten (10) years supervised release. *See* ECF Nos. 82-86. The Government further agreed to list only one prior drug felony conviction. On November 1, 2017, this Court accepted the plea agreement and sentenced Culbreath consistent with the parties' recommendations. Almost a year later, Culbreath filed an appeal. The Third Circuit Court of Appeals dismissed the appeal on June 18, 2019.

Months later, Culbreath filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. That Motion was denied and dismissed on January 7, 2020. *See* ECF Nos. 108-109. On November 1, 2022, Culbreath filed a Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), arguing that the COVID-19 variant Omicron posed a risk to his health and, also, that extraordinary and compelling reasons existed due to non-retroactive changes in the law under the First Step Act that reduced the mandatory minimum penalty for his offense from twenty (20) years to fifteen (15) years. *See* ECF No. 111. Following receipt of the Government's opposition brief, this Court denied the motion on December 14, 2022. *See* ECF Nos. 113-114.

Culbreath has again sought a reduction in sentence pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), based on non-retroactive amendments under the First Step Act of 2018 to the applicable mandatory minimum. *See* Mot., ECF No. 117. This time he argues that: (1) because the Government filed an information under § 851 before he waived indictment, he was not subject to a mandatory minimum term of imprisonment, and (2) he received an "unusually long sentence." *Id.* The Government has filed a response in opposition, asserting that: (1) the timing of the § 851 filing could have been raised on direct appeal or under

28 U.S.C. § 2255, the Supreme Court precludes a defendant from challenging his conviction through a motion for compassionate release, and the applicable policy statements of the Sentencing Commission do not permit a compassionate release motion based on this type of sentencing challenge, and (2) this Court rejected Culbreath's challenge based on a change in the sentencing law in his first motion for compassionate release and the Supreme Court recently held that § 1B1.13(b)(6) ("unusually long sentence") does not allow consideration of nonretroactive changes in sentencing law. *See* Resp., ECF No. 118 (citing, *inter alia*, *Fernandez v. United States*, 146 S. Ct. 1292, 2026 U.S. LEXIS 2295 (May 28, 2026); *Rutherford v. United States*, 146 S. Ct. 1320 (2026)).

## III.    LEGAL STANDARDS

### A.    Motion for Compassionate Release, 18 U.S.C. § 3582(c)(1)(A) - Review of Applicable Law

The First Step Act empowers criminal defendants to request compassionate release with the court after first complying with the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).[1] This section dictates that the defendant must first move for compassionate release with the Bureau of Prisons ("BOP"), which then has thirty (30) days to consider the request. After exhaustion, the court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a)[2] [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that . . .

---

[1]    Section 3582(c) is part of the Sentencing Reform Act of 1984 ("SRA") but was amended by the First Step Act to provide prisoners a more direct route to court for their claims. *See United States v. Torres*, No. 18-414, 2020 WL 3498156, at *6 (E.D. Pa. June 29, 2020).

[2]    The § 3553(a) sentencing factors include, but are not limited to:
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[3]

The "applicable policy statement[]" is USSG § 1B1.13, which defines what circumstances should be considered "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). "One year after Congress passed the First Step Act, however, the U.S. Sentencing Commission lost its quorum to amend the compassionate release policy statement (USSG § 1B1.13) to reflect the First Step Act's provision that a defendant was now authorized to file their own motion for compassionate release." *United States v. Castillo*, No. 12-cr-230-3, 2024 U.S. Dist. LEXIS 20260, at *6-7 (E.D. Pa. Feb. 5, 2024). For this reason, the Third Circuit Court of Appeals held that the Commission's policy statement in § 1B1.13 was advisory and "not binding—for courts considering prisoner-initiated motions." *See United States v. Andrews*, 12 F.4th 255, 259-60 (3d Cir. 2021) (stating that the descriptions of "extraordinary and compelling reasons" in the policy statement could nevertheless guide a court's decision).

---

(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
. . .
[4] the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.
. . .
18 U.S.C. § 3553(a).

[3] *See also* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

"This changed in April 2023, when the Sentencing Commission promulgated new amendments to the Sentencing Guidelines." *Castillo*, 2024 U.S. Dist. LEXIS 20260, at *6 (explaining that the Commission regained its voting quorum in 2022).

Amendment 814 to the Sentencing Guidelines revised § 1B1.13 and makes the Commission's policy statement binding. *See id.* Amendment 814 also expanded the categories of "extraordinary and compelling reasons" that may warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See id.* at *7. The modified categories are as follows: (1) medical conditions of the defendant; (2) health deteriorations in the defendant as a result of old age; (3) family circumstances of the defendant; (4) the defendant was the victim of abuse while incarcerated, (5) "other reasons," and (6) unusually long sentence.[4] The Commission's now-binding policy statement also requires the petitioner to show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See* USSG § 1B1.13(2).

B.      **Appointment of Counsel - Review of Applicable Law**

A defendant does not have a constitutional or statutory right to appointment of counsel when seeking compassionate relief. *See United States v. Dorsey*, No. 14-323-1, 2021 U.S. Dist. LEXIS 28178, at *3 (E.D. Pa. Feb. 16, 2021). However, several circuit courts have held that the

---

[4]      Subsection (b)(6) further provides:
   If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.
USSG § 1B1.13(b)(6).

court has discretion to appoint counsel in such cases. *See id.* Because the Third Circuit Court of Appeals has not established a standard for the appointment of counsel in compassionate release cases, district courts in this Circuit consider the standard followed in deciding motions for counsel in other contexts. *See id.*

When deciding whether to appoint counsel, the court first considers whether the claim has some arguable merit in fact and law. *See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). If this initial hurdle is overcome, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
> (4) the plaintiff's capacity to retain counsel on his or her own behalf;
> (5) the extent to which the case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993)). Other factors include: (1) the court's willingness to aid the indigent party in presenting his or her case; (2) the available supply of lawyers willing to accept § 1915(e) requests within the relevant geographic area; and (3) whether there is "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *See Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 n.4 (3d Cir. 2007); *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

## IV.    ANALYSIS

Culbreath's argument regarding the timing of the Government's information under § 851 is not appropriate for consideration under the compassionate release statute. *See Fernandez*, 2026 U.S. LEXIS 2295, at *19 ("The name for § 3582(c)(1)(A)—'Compassionate Release'— highlights its focus on granting mercy rather than righting legal wrongs."). Allowing Culbreath

to present this claim under § 3582(c)(1)(A) more than eight and a half years after his conviction became final would circumvent the one-year period of limitations in 28 U.S.C. § 2255(f), as well as the prohibition against second or successive filings in § 2255(h).  *See id.* at *15 ("Challenging the validity of a conviction through a compassionate release motion circumvents the exacting requirements of § 2255").  Accordingly, this argument is denied.

To the extent Culbreath seeks relief from an "unusually long sentence" pursuant to § 1B1.13(b)(6), his argument is based on non-retroactive changes in the First Step Act.  *See* First Step Act § 403(b), 115 P.L. 391 (Dec. 21, 2018) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." (emphasis added)).  However, "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance [because t]here is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute."  *United States v. Andrews*, 12 F.4th 255, 260-61, *cert. denied* 2022 U.S. LEXIS 1891 (U.S., Apr. 4, 2022) (quotations omitted).  The Sentencing Commission's amended policy statement in § 1B1.13(b)(6) for "unusually long sentences" does not abrogate *Andrews.  See United States v. Rutherford*, 120 F.4th 360, 374 (3d Cir. 2024).  Because Congress took retroactivity "off the table" in the First Step Act, the Policy Statement in § 1B1.13(b)(6) "cannot change that."  *See id.*, *aff'd* 2026 U.S. LEXIS 2294, at *25 ("The statutory text and structure make clear that Congress's nonretroactive change to § 924(c)— considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release. To the extent that it counsels otherwise, the Commission's policy statement is invalid.").  Accordingly, changes to mandatory minimum sentences under the First

Step Act "cannot be considered in the analysis of whether extraordinary and compelling circumstances make a prisoner eligible for compassionate release." *See id.*

Because the motion for compassionate release lacks merit, Culbreath's request for appointment of counsel is denied.

## V.    CONCLUSION

Compassionate release is not an appropriate vehicle to raise sentencing challenges and may not be based on non-retroactive changes in the law. Because Culbreath's motion for compassionate release lacks merit, appointment of counsel is not warranted. The letter-motion for compassionate release and the appointment of counsel is denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge